McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA          2903-0
JESSE J.T. SMITH           9403-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:  Akiba@m4law.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura; Keith Hirota and George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda, Conrad Murashige, Ronald Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Terry Ikeda, Michael Hawes, Roy Morioka Sheri Mau and Raynard (Shayne) Chung; *Vacation & Holiday Fund by its trustees* Roy Morioka, Gerard Sakamoto, Paul Sasaki, Jay Kadowski, James Watanabe, Jon Tesoro, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Paul Silen Shayne Chung, Lance Yoshimura and Christian Tackett; *Market Recovery Program by its trustees* Sean Newcamp, Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, Willie Maglinti, Leonard Hoshijo, Lance Yoshimura, Ken Kawamoto, Bill Wilson, Lance Inouye, Craig Fukuda and Darren Ho; *Financial Security Fund by its trustees* Gordon L. Scruton, Lance Wilhelm, Conrad Murashige, Kenneth Sakurai, Loyce C. Morris, Ronald Taketa, Kenneth Spence, Michael Hawes, Kealii B. Flood, Malvin Ang, Lance Yoshimura, Alan Shintani, Gerry Majkut and Mark Luna; *Drywall Training Fund by its trustees* Glenn Young, Myles Hokama,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. CV12-00079 DAE KSC

FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT FORESIGHT CONSTRUCTION SERVICES, LLC

Hearing:
Date  :  May 9, 2012
Time  :  10:30 a.m.
Judge:  The Honorable Kevin S.C. Chang

TRIAL DATE: None

267319. 1

2

Lito Alcantra, Denis Mactagone, William )
Maglinti, Jr., Vince Nihipali Sr., Sean )
Newcamp, Kevin Respecki, Ryan Rego, )
Bert Beaman, Mike Goodnight; 401-*K* )
*Fund by its trustees* Gordon Scruton, )
Conrad Murashige, Kenneth Sakurai, )
Lance Wilhelm, Loyce C. Morris, Malvin )
Ang, Ronald Taketa, Lance Yoshimura, )
Kenneth Spence, Michael Hawes, Kealii )
B. Flood, Alan Shintani, Gerry Majkut )
and Mark Luna )
    )
               Plaintiffs, )
    )
        vs. )
    )
FORESIGHT CONSTRUCTION )
SERVICES, LLC; JOHN DOES 1-100; )
JANE DOES 1-100; DOE )
CORPORATIONS 1-100; DOE )
PARTNERSHIPS 1-100; DOE )
ENTITIES 1-100; DOE )
GOVERNMENTAL UNITS 1-100, )
    )
               Defendants. )
_____ )

## FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT FORESIGHT CONSTRUCTION SERVICES, LLC

On February 12, 2012, Plaintiffs, Trustees of the Hawaii Carpenters Trust

Funds (hereinafter referred to as "Plaintiffs" or "Trust Funds"), by and through

their attorneys, McCorriston Miller Mukai MacKinnon LLP, filed this action for

267319. 1

damages against Defendant Foresight Construction, LLC (hereinafter

"Defendant"), alleging that Defendant materially breached its collective bargaining

and trust agreements (hereinafter referred to as the "CBA") entered into by

Defendant and the United Brotherhood of Carpenters and Joiners of America,

Local 745, AFL-CIO (hereinafter referred as the "Union").  The Trust Funds'

claim that Defendant failed to contribute and pay to the Trust Funds certain

employee benefit contribution arising from work performed by Defendant's

covered employees, which amounts should be paid to the Trust funds on or before

the due dates as specified in the CBA and disclosed by an audit of Defendant's

payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act

of 1947, as amended (29 U.S.C. Section 185(a)) and the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. Sections 1132

and 1145).

Service of process was made on Defendant on February 13, 2012 as is

evidenced by the Return of Service filed herein on February 16, 2012.  The clerk

entered default against Defendant on March 14, 2012.

On March 15, 2012, the Trust Funds filed a motion for default judgment

against Defendant, seeking to recover a money judgment for contributions owed

and including liquidated damages and with additional per diem interest until satisfaction of judgment, and attorneys' fees and costs to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization for the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees. The Trust Funds also sought an award of attorneys' fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D).

The Trust Funds' Motion for Default Judgment by Court came on for hearing on May 9, 2012 before the undersigned United States Judge, due notice of said hearing having been provided to Defendant. Jesse J.T. Smith appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default Judgment, the Declaration and Supplemental Declaration of Lorraine H. Akiba, and the exhibits attached to the motion, on behalf of the Trust Funds, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named Trust Funds

was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2.      Defendant is a Hawaii corporation doing business in the State of Hawaii.

3.      On or about November 3, 2009, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (hereinafter referred to as the "Carpenters Union"), a certain written collective bargaining agreement, effective September 1, 2007 to and including August 31, 2014, entitled "Certification of Receipt and Acceptance of the Master Agreement Covering Drywall & Acoustical Workers and Lathers and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by

which Defendant agreed to the terms and conditions of the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4.     Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

6.     In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

7.     In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

8.     In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20%

of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

9. Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

10. Based on information obtained, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, lost earnings, and liquidated damages as follows:

Delinquent trust fund contributions for
periods January 2009 through June 2011 ..................................... $13,545.74

Liquidated damages for periods January 2009
through June 2011 ........................................................................ $1,242.10

12 % Interest ................................................................................ $2,173.71

401(k) Interest ................................................................................ $55.34

Attorneys' fees ............................................................................. $1,345.10

TOTAL ...................................................................................... $18,361.99

together with additional interest at a per diem rate of twelve percent (12%) until judgment is satisfied.

11. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe

additional trust fund contributions, lost earnings, and liquidated damages up to the time of trial or proof.

12.     Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds court and audit costs and reasonable attorneys' fees.

13.     Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

14.     The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after May 2012.

17.     As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court.  Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

267319. 1

18.     An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

19.     This Court reviewed the billing records of Plaintiffs' counsel and the declarations filed in support of Plaintiffs' motion.  Upon said review, this Court finds additional attorneys' fees in the amount of $315.50 to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter to be reasonable, necessarily incurred, and directly related to the services provided herein.  The total attorneys' fees that the Trust Funds has incurred in this lawsuit to date are $1,345.10.

## RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment enter in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of damages and per diem interest until satisfaction of judgment, and attorneys' fees in the amount of $1,345.10, to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and Judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other

and further damages from the Defendant arising from unaudited hours worked by Defendants' employees both before and after May 16, 2012.

DATED: Honolulu, Hawaii, May 24, 2012.





Kevin S.C. Chang
United States Magistrate Judge

--------------------------------------------------------------------------------
*Hawaii Carpenters Trust Funds vs. Foresight Construction, LLC,* Civil No. 12-00079 DAE-KSC;  FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT FORESIGHT CONSTRUCTION, LLC